UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| JACQUELINE ZAUNBRECHER VOITIER * | | CIVIL ACTION NO. 11-1903 |
| VS. | * | JUDGE DOHERTY |
| DAVID STANFORD, ET AL | * | MAGISTRATE JUDGE HILL |

<u>REPORT AND RECOMMENDATION</u>

Pending before the undersigned for Report and Recommendation is the Motion to Remand filed by plaintiff, Jacqueline Zaunbrecher Voitier ("Mrs. Voitier"), on November 28, 2011. [rec. doc. 6]. Defendant, Southern Farm Bureau Life Insurance Co. ("Farm Bureau"), filed opposition on December 13, 2011. [rec. doc. 8]. Oral argument was held on January 18, 2012, after which the undersigned granted additional time for the parties to conduct limited discovery on the issue of the alleged misjoinder of defendant, David Stanford ("Stanford"). [rec. doc. 9].

On March 23, 2012, Mrs. Voitier filed a supplemental memorandum in support of her motion to remand. [rec. doc. 10]. Farm Bureau filed opposition on April 11, 2012. [rec. doc. 15]. On April 18, 2012, the undersigned again held oral argument, after which the motion was taken under advisement.

For the following reasons, the undersigned recommends that the claims against Stanford be dismissed with prejudice and motion to remand be **DENIED**.

## Background

On September 28, 2011, Mrs. Voitier filed a Petition for Damages against Farm Bureau and Stanford in the 15th Judicial District Court for the Parish of Acadia, State of Louisiana.

Mrs. Voitier is the widow of Stephen Conrad Voitier ("Mr. Voitier"). On February 25, 1985, Mr. Voitier purchased a whole life insurance policy with Lincoln National Life. Mrs. Voitier was the named beneficiary under the policy. For several years, Mr. Voitier paid premiums so that the policy, which had life insurance benefits of $250,000.00, was fully vested.

In 2009, Mr. and Mrs. Voitier purchased several automobile policies through Farm Bureau's agent, Stanford. During that time, Stanford repeatedly requested that Mr. and Mrs. Voitier transfer their whole life policy from Lincoln National Life to Farm Bureau.

On March 12, 2009, Mr. Voitier executed an application for insurance with Stanford in Mrs. Voitier's presence. Throughout the discussions with Stanford regarding the purchase of new insurance, Mrs. Voitier alleges that she and her husband understood that they were purchasing an additional $250,000.00 in coverage, and that there was no risk regarding the original $250,000.00 in coverage.

On or about May 28, 2009, the Lincoln National Life policy was exchanged through a 1035 transfer into the Farm Bureau policy, and the cash value of that policy was transferred over to Farm Bureau. The new policy carried an insurance benefit of $500,000.00. This policy also contained a suicide exclusion for a period of two years.

Throughout his adult life, Mr. Voitier suffered from a brain tumor requiring extensive treatment. On or about September 25, 2010, Mr. Voitier died of a gun shot wound to the chest. There were no witnesses to the incident.

Mrs. Voitier made a claim under Mr. Voitier's life insurance policy and provided information at Farm Bureau's request. To date, Farm Bureau has failed to pay the insurance claim made by Mrs. Voitier.

On September 28, 2011, Mrs. Voitier filed suit in state court seeking the proceeds of the life insurance policy, together with penalties and attorneys fees for the arbitrary and capricious denial of the claim and legal interest from the date of judicial demand. Alternatively, she pled that should it be found that Mr. Voitier's death was a result of suicide, Stanford breached his fiduciary duty in canceling a paid-up life insurance policy and subjecting her to a new probationary period.

On October 28, 2011, Farm Bureau removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, contending that Stanford had been improperly joined and that his citizenship should be disregarded. On November 28, 2011, Mrs. Voitier filed the instant motion to remand for improper removal.

## **Analysis**

The first issue for the Court to decide is whether the Court has jurisdiction based on the face of the pleadings and removal documents. This case was removed on the grounds of diversity jurisdiction. Under 28 U.S.C. § 1441(a), any state court civil action over which the

federal courts would have original jurisdiction may be removed from state to federal court. When removal is based on diversity, a defendant may remove only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought. 28 U.S.C. § 1441(b).

In this case, Mrs. Voitier and the individual defendant, Stanford, are citizens of Louisiana. When Farm Bureau removed Mrs. Voitier's claim, it contended that removal was nonetheless proper, asserting that Sanford was improperly joined, and that his residence should therefore be disregarded.

Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005). To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the non-diverse party in state court. *Gasch v. Hartford Acc & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Under the second prong of this case, the court must determine whether there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (*citing Smallwood*, 385 F.3d at 573).

In deciding whether a party was improperly joined, the court resolves all contested factual issues and ambiguities of state law in favor of the plaintiff. *Id*. The burden of proof is on the removing party. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). The removal statute is to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand. *Id*.

Farm Bureau contends that Mrs. Voitier cannot establish a cause of action against Sanford because: (1) Sanford breached no duty to Mr. Voitier, but, rather, placed coverage with Farm Bureau as Mr. Viotier had directed and (2) Mrs. Voitier's claim is prescribed, because she filed suit over two years after Stanford's alleged breach of fiduciary duty.

When determining whether there is a reasonable basis to predict the plaintiff might recover against the forum defendant, the court first looks to the allegations of the complaint to determine whether it states a claim against the in-state defendant. *Smallwood*, 385 F.3d at 573; *Chhetri v. Wal-Mart Stores, Inc.*, 2009 WL 6056530, *3 (W.D. La. Nov. 5, 2009) (Hornsby, M J.). A motion to remand is normally analyzed with reference to the well-pleaded allegations of the complaint, which is read leniently in favor of remand, under a standard similar to Rule 12(b)(6). *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

In cases in which the defendant argues the plaintiff has "misstated or omitted discrete facts" that would preclude recovery against the in-state defendant,"the court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573. In such cases, the court may consider summary judgment-type evidence, including affidavits

5

and deposition transcripts. *Willis v. Fugro Chance, Inc*., 278 Fed.Appx. 443, *3 (5th Cir. 2008).

Here, the original complaint was filed in state court on September 28, 2011, alleging that Stanford breached his fiduciary duty to the Voitiers in canceling a paid up life insurance policy and subjecting plaintiff to a new probationary period. [rec. doc. 1, ¶ 12]. Generally, an insurance agent's duty (as opposed to the duty of an insurance broker) is to the insurer and the agent owes no duty (much less a fiduciary duty) the insured. *Smason v. Celtic Life Ins. Co.*, 92-1042 (La. App. 4 Cir. 3/11/93); 615 So.2d 1079, 1087; *Tomlinson v. Allstate Indem. Co.*, 2006 WL 1331541, *5 (E.D. La. May 12, 2006)

Here, the Agent Contract between Stanford and Farm Bureau specifically provides that Stanford was the agent of Farm Bureau. [rec. doc. 10, Exhibit 11]. At oral argument, Farm Bureau's counsel judicially admitted and confirmed that Stanford was acting as Farm Bureau's agent. While the Court recognizes that Louisiana courts have sometimes held that a duty exists in favor of an insured by the insurance agent, that duty arises under entirely different circumstances than those presented here, such as when the agent agrees to procure insurance, and then fails to do so.

There are no factual allegations made in this case by the plaintiff that would cause the Court to deviate from the general rule that an insurance agent like Stanford acts as agent for

6

the insurer, not the insured.[1] *Tomlinson, supra* (*citing Chandler v. Jones*, 532 So.2d 402, 405-06 (La. App. 3 Cir. 1988)).

Accordingly, since Stanford owed no duty to Mr. or Mrs. Voitier, the plaintiff's claim that Stanford breached his fiduciary duty to them fails.

Even assuming that Mrs. Voitier could establish a claim against Stanford, any such claim is prescribed (or preempted) under La. R.S. 9:5606, which provides as follows:

> A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue *within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered*. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
>
> \*\*\*
>
> D. The one-year and three-year periods of limitation provided in Subsection A of this Section *are peremptive periods* within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, *may not be renounced, interrupted, or suspended*.

(emphasis added).

Mrs. Voitier argues that the one-year period began to run from the date that the alleged act, omission or neglect was discovered or should have been discovered, which was the date of

---

[1] The holdings that hold a duty exists between an insurance agent (as opposed to an insurance broker) and the insured can be reconciled under general legal principles of agency. When the agent fails to procure coverage as agreed with the insured, the principal (the insurance company) would be liable for the failure of its agent to act.

7

Mr. Voitier's death. However, Louisiana courts have held that the prescriptive/peremptive periods under La. R.S. 9:5606 begin to run from the date of purchase of the insurance policy. *Calvin v. Janbar Enterprises, Inc.*, 2003-0382 (La. App. 4 Cir. 2003); 856 So.2d 88, 92; *Whitfield v. Alpha Ins. LLC*, 280 Fed.Appx. 363, 365 (5th Cir. 2008); *Holmes v. AAA Ins.*, 2007 WL 3124678 (E.D. La. Oct. 25, 2007). Since Mr. Voitier purchased the policy in 2009, and since this suit was not filed until over two years later, the action against Stanford has prescribed.[2]

Accordingly, the undersigned recommends that the claims against Stanford be dismissed and that he be dismissed from this suit. Once the claims against Stanford are dismissed and he is no longer a party defendant, complete diversity exists and the motion to remand should therefore be denied.

## Conclusion

For the foregoing reasons, the undersigned recommends that Stanford be **DISMISSED WITH PREJUDICE** from this action and that the Motion to Remand be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the

---

[2] It is not necessary to the resolution of this issue to distinguish between prescription and peremption under La. R. S. 9:5606.

District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED. R. CIV. P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Signed May 10, 2012, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE