RECEIVED

AUG 1 4 2012

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JACQUELINE ZAUNBRECHER VOITIER | CIVIL ACTION NO. 11-1903 |
| VERSUS | JUDGE DOHERTY |
| SOUTHERN FARM BUREAU LIFE INS. CO. AND DAVID STANFORD | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING AND ORDER

Pending before the Court is the Report and Recommendation of the magistrate judge, in which the magistrate judge recommends the claims against defendant David Stanford be dismissed with prejudice, which results in complete diversity between the remaining parties, plaintiff Jacqueline Zaunbrecher Voitier and Southern Farm Bureau Life Insurance Company ("Farm Bureau"). Accordingly, the magistrate judge recommends the pending Motion to Remand be denied. [Doc. 17].[1] Ms. Voitier filed objections to the magistrate judge's report [Doc. 19], and Farm Bureau filed a response to Ms. Voitier's Objections [Doc. 20]. For the following reasons, this Court ADOPTS the magistrate judge's recommendation, and the pending Motion to Remand [Doc. 6] is DENIED.

**I.      Factual Background and Procedural History**

The factual and procedural background are set forth in the magistrate judge's Memorandum Ruling and are hereby incorporated by reference *in toto*.

---

[1] Plaintiff's motion to remand appears in the record as Doc. 6.

## II. Law and Analysis

### A. Standard of Review

With some exceptions inapplicable for purposes of this motion, a magistrate judge may hear and determine any pre-trial matter pending before a district court. 28 U.S.C. §636(b)(1). Federal law affords the magistrate judge broad discretion in the resolution of non-dispositive matters. *See* Fed. R. Civ. P.72(a). With regard to a non-dispositive matter, a district court will reverse a magistrate judge's ruling only if the party challenging the decision demonstrates that the magistrate's determination was clearly erroneous or contrary to law. *Id*; *Castillo v. Frank*, 70 F.3d, 382, 385-86 (5th Cir. 1995).

Although the law is unsettled in this circuit on this point, district courts in this circuit have generally adhered to the view that the majority of motions to remand are non-dispositive pretrial matters and have applied the clearly erroneous standard of review pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), and the Fifth Circuit has not indicated such motions should be treated otherwise. *See, e.g., Lonkowski v. R.J. Reynolds Tobacco Co.*, No. Civ. A. 96-1192, 1996 WL 888182, at *2-4 (W.D. La. Dec. 10, 1996); *Vaquillas Ranch Co., Ltd. v. Texaco Exploration and Production, Inc.*, 844 F. Supp. 1156, 1162 (S.D. Tex. 1994); *Bethay v. Ford Motor Co.*, No. Civ. A. 99-0367, 1999 WL 496488, at *1 (E.D. La. July 13, 1999).

However, in *Lonkowski, supra*, the district court noted that in another case, the federal district court commented, in dicta, that certain remand orders may affect the substantive rights of the parties and could qualify as dispositive within the meaning of Rule 72. 1996 WL 88812 at *4, *citing Vaquillas Ranch Co., Ltd. v. Texaco Exploration and Production, Inc.*, 844 F. Supp. 1156, 1162 (S.D. Tex. 1994). In the instant case, a ruling by this court finding improper or fraudulent joinder

2

will effectively dismiss the claims against Mr. Stanford. Such a ruling would, therefore, qualify under the language in Rule 72 as a dispositive motion. Therefore, as the Court noted in *Lonkowski*, it appears a remand order involving a claim of improper or fraudulent joinder is an exception to the above-stated general rule that motions to remand are non-dispositive motions. The magistrate judge must have agreed in this case, for he prepared the instant filing as a Report and Recommendation, not a ruling. As a Report and Recommendation, the magistrate judge's findings are entitled to a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1) ("[a] judge of the court shall make a *de novo* determination of those portions of the [magistrate judge's] report [and recommendation] or specified proposed findings or recommendations to which objection is made."). *See also Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983). Pursuant to Section 636(b)(1), "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."

Considering the foregoing, this Court believes the matter pending before it was properly filed as a Report and Recommendation and, as objections to the Report have been filed, this Court will consider the plaintiff's objections *de novo*.

### B. Standard for Removal

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), *citing Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). This Court must presume a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Howery*, 243 F.3d at 916. Thus, "[t]he removing party bears the burden of showing that

federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Property and Cas. Insurance. Co.*, 276 F.3d 720, 723 (5th Cir.2002), *citing De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995). *See also Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir.1991) ( "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction."), *quoting Getty Oil Corp . v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir.1988). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723, *citing Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir.2000).

### C. Plaintiff's Objections

The magistrate judge's findings contained in the Report and Recommendation are hereby incorporated by reference *in toto*. In short, the magistrate judge concluded, under the applicable law, that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against" David Stanford, an in-state defendant. Additionally, the magistrate judge concluded even if the plaintiff could establish a claim against Mr. Stanford, such claim is prescribed under La. Rev. Stat. 9:5606.[2] Ergo, the magistrate judge concluded Mr. Stanford should be dismissed from the lawsuit. Without the presence of Mr. Stanford as a party defendant, complete diversity exists between the remaining parties, and the magistrate judge therefore recommended the motion to remand, which is based on lack of diversity, be denied.

Plaintiff objects to the Report and Recommendation on two grounds: (1) a factual issue exists and case law supports Plaintiff's position that David Stanford was not improperly joined based on his agency relationship; and (2) the claims against David Stanford are not prescribed. The Court will

---

[2] La. Rev. Stat. 9:5606

4

consider each objection in turn.

1. **Agency**

This issue revolves around whether Mr. Stanford is properly considered an insurance agent of Farm Bureau – by which his duty exists in favor of Farm Bureau – or whether Mr. Stanford was an insurance broker, in which case there, arguably, exist some factual circumstances under which Mr. Stanford could be considered a fiduciary of the plaintiff, and thereby owed a duty to the plaintiff. The magistrate judge concluded Mr. Stanford was agent of Farm Bureau and, as such, owed no duty to the plaintiff, and the plaintiff's claim that Mr. Stanford breached a fiduciary duty to her fails.

The plaintiff argues because Mr. Stanford made repeated visits to her and her deceased husband soliciting their insurance business, and discussed with the Voitiers their "well-being," Mr. Stanford thereby took on a "fiduciary roll [sic]" and gave advice and guidance to the Voitiers. The plaintiff argues whether Mr. Stanford was an agent for the insurer or the insured is a question of fact which cannot be resolved in a summary judgment type fashion. In support of her argument, the plaintiff cites *Tiner v. Aetna Life Ins. Co.*, 291 So.2d 774 (La. 1974) for the proposition that there exist factual situations in which a broker or agent becomes a representative or agent of the insured. Presumably, under such circumstances, the plaintiff could successfully argue a claim against Mr. Stanford for breach of fiduciary duty.

This Court finds the plaintiff's reliance on *Tiner* misplaced. In *Tiner*, the court addressed the issue of whether an individual, A.M. Abramson, who was an employee and registered agent of Equitable, but who handled individual medical-expense policies for Aetna as a broker, was an agent of Aetna who could bind Aetna in the completion of an insurance application process. Specifically, the facts of the *Tiner* case are that Mr. Abramson interviewed and completed an Aetna application

5

for the Tiners by checking blocks and writing answers based on information secured from the Tiners. 291 So.2d at 777-78. The record showed the plaintiffs truthfully answered all of Mr. Abramson's questions as to medical history, but Mr. Abramson's completion of at least one of the many queries did not correctly reflect information furnished by the plaintiffs. Aetna acknowledged if Mr. Abramson was its *agent*, it would be bound by his actions in completing the application. However, Aetna argued it could not be bound by Mr. Abramson's acts, because Mr. Abramson was a *broker* who could place insurance with any company he wanted, rather than an agent of Aetna. *Id.* at 778. The court concluded Mr. Abramson was an agent of Aetna in selling Aetna's insurance policy to the Tiners, and therefore, Mr. Abramson's knowledge and acts were imputed to Aetna, and Aetna could not nullify the Tiner's policy where they provided truthful information. *Id.*

The factual scenario presented in *Tiner* is not similar to the factual scenario presented herein. Indeed, in the instant case, there exists an Agent Contract between Mr. Stanford and Farm Bureau, which expressly states Mr. Stanford is an agent of Farm Bureau, and Farm Bureau has openly stated Mr. Stanford was acting as its agent in procuring the business of the Voitiers. Thus, there is no question of fact regarding whether Mr. Abramson was a broker or agent under the circumstances of this case, as suggested by the plaintiff. Furthermore, the magistrate judge noted that while Louisiana courts have sometimes held a duty exists in favor of an insured by an insurance *agent*, that duty arises under entirely different circumstances than those presented here (such as when the agent agrees to procure insurance, and then fails to do so).

Other than citing the *Tiner* case, the plaintiff has presented no additional evidence or argument in her Objections in support of her argument that Mr. Stanford was an agent of the plaintiff insured or otherwise owed her a fiduciary duty. Therefore, for the foregoing reasons, the plaintiff's

6

objection on this point is OVERRULED.

## 2. Prescription

The magistrate judge concluded even if the plaintiff stated a claim against Mr. Stanford, such claim is prescribed[3] under La. Rev. Stat. §9:5606, which provides a claim for damages against an agent or broker must be brought "within one year from the date of the alleged act, omission, or neglect, or within one year from the sate that the alleged act, omission, or neglect is discovered or should have been discovered." The plaintiff argues the one-year period began to run from the date the alleged act, omissions or neglect was discovered or should have been discovered, which was the date of her husband's death on or about September 25, 2010. However, as the magistrate judge set forth in his Report, Louisiana courts hold the prescriptive/peremptive periods under La. Rev. Stat. §9:5606 begin to run *from the date of purchase of the insurance policy. See Calvin v. Janbar Enterprises, Inc.*, 856 So.2d 88, 92 (La. App. 4th Cir. 2003); *Whitfield v. Alpha Ins. LLC*, 280 Fed. Appx. 363, 365 (5th Cir. 2008) (unpublished); *Holmes v. AAA Ins.*, 2007 WL 3124678 (E.D. La. Oct. 25, 2007). *See also Hickman v. Garcia Ins. Agency, Inc.*, 2007 WL 2810997 (E.D. La. Sept. 25, 2007) ("[plaintiff] either knew or should have known that her flood insurance policy did not include contents coverage upon receipt of the State Farm declarations page. [Plaintiff] had all of the information she needed for a potential suit against [defendant] [at that time].")

It is well-established under Louisiana law that an insured party is generally responsible for reading her policy, and she is presumed to know its provisions. *See Motors Ins. Co. v. Bud's Boat Rental, Inc.*, 917 F.2d 199, 205 (5th Cir.1990); *Kiernan v. Commercial Union Ins. Co.*, 271 So.2d 889, 892 (La. App. 4th Cir. 1973). Here, the policy was issued on May 28, 2009, and the lawsuit was

---

[3] The magistrate judge concluded it was not necessary to the resolution of this issue to distinguish between prescription and peremption under La. Rev. Stat. §9:5606, and the plaintiff does not disagree in her Objections.

filed on September 22, 2011, therefore, any claim against Mr. Stanford has clearly prescribed. The plaintiff has not argued any new evidence in her Objections that she did not argue to the magistrate judge. Therefore, after consideration of the foregoing legal standards and the evidence presented, this Court concludes the magistrate judge correctly determined that even if the plaintiff could establish a claim against Mr. Stanford, such claim is prescribed, and the plaintiff's objection on this point is OVERRRULED.

### III. Conclusion

Considering the foregoing, this Court ADOPTS the magistrate judge's recommendation. As the only claims asserted against Mr. Stanford are for breach of fiduciary duty, and as this Court concludes no such claim may lie against Mr. Stanford under the facts and circumstances of this case, all claims asserted against Mr. Stanford are hereby DISMISSED WITH PREJUDICE, and the pending Motion to Remand [Doc. 6] is DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___14th___ day of August, 2012.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE